IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| SANTRELL R. MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-801-JHL |
| S. BRAKE, ANNDERSON, CLARK, and DANIEL Q. SULLIVAN, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**Joan H. Lefkow, U.S. District Judge:**[1]

Plaintiff Santrell R. Miller, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Miller alleges Defendants cut his dreadlocks despite Miller's being a practicing Rastafarian in violation of the First Amendment. He seeks monetary damages.

This case is now before the court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 252 of the United States District Court for the Southern District of Illinois.

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Miller makes the following allegations: Miller is a practicing Rastafarian and wears his hair in dreadlocks. (Doc. 1, pp. 4, 7). Upon arriving at Big Muddy, he was told by Lt. Annderson that he should not have been let on the bus with his hair in locks and the barber would cut his hair in the morning. (*Id*. at pp. 4, 7). Miller believed that his hair was neat and easily searchable and part of his core religious beliefs. (*Id.* at p. 7). He spoke with Brake and Lt. Clark the following morning and was told he was not allowed to keep his hair in dreadlocks. (*Id.* at p. 7.) If he refused a haircut, he would be issued a ticket and sent to segregation. (*Id*. at pp. 5, 7). He was then forced to sign a paper agreeing to the haircut. (*Id*.). He also spoke with the warden, Daniel Q. Sullivan, about his hair but the warden called him a liar and refused to help him. (*Id*. at pp. 4, 8). Miller was forced to cut his hair after being forced to sign the written agreement.

Based on the allegations in the Complaint, the court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** **Brake, Annderson, Clark, and Sullivan forced Miller to cut his hair in violation of his sincerely held religious beliefs under the First Amendment.**

The parties and the court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard**.[2]

### Discussion

Here, Miller adequately alleges that Defendants substantially burdened his practice of Rastafarianism by requiring him to cut his dreadlocks.[3] *See Hunafa* v. *Murphy*, 907 F.2d 46, 47 (7th Cir.1990) ("[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison."); *Turner* v. *Safley*, 482 U.S.78, 99 (1987) (holding that an almost complete ban on the decision to marry was not reasonably related to legitimate penological objectives); *but see Grayson* v. *Schuler*, 666 F.3d 450, 455 (7th Cir. 2012) (finding that policy allowing Rastafarians to maintain long hair but denying the privilege to sincere African Hebrew Israelite of Jerusalem was arbitrary discrimination). Thus, Count 1 shall proceed as to all of the defendants.

### Pending Motions

In Miller's Motions for Counsel (Docs. 4 and 14) he indicates that he has sent letters to the John Howard Association and Loevy and Loevy but has not heard back from them. He also states that he cannot afford an attorney. Given the early stage of the litigation, however, it is

---

[2] *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] While Miller's allegations would also potentially raise a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), relief under RLUIPA is limited to injunctive or declaratory relief. S*ee Vinning–El* v. *Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *West* v. *Grams*, 607 F. App'x. 561, 566 (7th Cir. 2015). Miller only seeks monetary damages. (Doc. 1, p. 6). Thus, any potential claim under RLUIPA is **DISMISSED without prejudice** as he seeks neither injunctive or declaratory relief.

difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas* v. *Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4]  Further, the court notes that the defendants have not yet been served nor has a discovery schedule been entered. Thus, counsel is not needed at this early stage. Therefore, Miller's Motions for Counsel (Docs. 4 and 14) are **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

## Disposition

**IT IS SO ORDERED** that Count 1 shall proceed against Brake, Annderson, Clark, and Sullivan.

The Clerk of Court shall prepare for Defendants Brake, Annderson, Clark, and Sullivan: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Miller. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Miller, the employer shall furnish the Clerk with the defendant's current work address, or, if not known,

---

[4] In evaluating the motion for counsel, the court applies the factors discussed in *Pruitt* v. *Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Miller, and the judgment includes the payment of costs under Section 1915, Miller will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that pursuant to Administrative Order No. 252 of the United States District Court for the Southern District of Illinois, this case is **REASSIGNED** to **U.S. DISTRICT JUDGE STACI M. YANDLE**.

Finally, Miller is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/13/2019**

_____
**Joan H. Lefkow
United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**